IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


TERRENCE WASHINGTON and                :
MILLICENT C. WHITE,

        Plaintiffs,                           :

vs.                                            :     CIVIL ACTION 08-0121-CG-C

RON BAGGETT, et al.,                    :

        Defendants.                           :

REPORT AND RECOMMENDATION


      This action was filed by an Alabama state inmate and has been referred to the

undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate

action.  It is recommended that this action be dismissed without prejudice for Plaintiff's failure

to prosecute and to comply with the Court's order.

      On August 21, 2008, Plaintiff White was ordered to advise the Court, in light of Plaintiff

Washington's dismissal of his claims from this action, whether she was interested in pursuing the

litigation of her claims.  Plaintiff was also ordered to pay the $4.36 partial filing fee.   Plaintiff

was warned that failure to comply with this order or to pay the partial filing fee, within twenty

days of August 8, 2008, would be deemed by the Court as an abandonment of the prosecution of

her claims.  Plaintiff White's claims would then be dismissed from this action for failure to obey

the Court's order and to prosecute, and this action would be then dismissed. (Doc. 26)

      On September 24, 2008, the envelope containing the Court's Order (Doc. 26) was

returned with the notation "Return to Sender - Unable to Forward."   The Court will point out

that is the third time that envelopes containing orders entered by the Court addressed to Plaintiff

White have been returned.  Further, since the filing of this action on February 27, 2008 (Doc. 1),

no pleadings have been filed or signed by Plaintiff White.

Due to Plaintiff White's failure to comply with the Court's order and to prosecute this

action, and upon consideration of the alternatives that are available to the Court, it is

recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R.,

370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict

the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World

Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir.

1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v.

Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.

1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)

(ruling that federal courts' inherent power to manage their own proceedings authorized the

imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co.,

987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage

actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181,

126 L.Ed.2d 140 (1993).

The instructions which follow the undersigned's signature contain important information

regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 10th day of October, 2008.

 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

2

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.